UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAOUZI JABER,

Movant,

-against-

UNITED STATES OF AMERICA,

Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/2023

23-CV-9347 (CM)

13-CR-0485-1 (CM)

TRANSFER ORDER

COLLEEN McMAHON, United States District Judge:

Faouzi Jaber pleaded guilty to conspiring to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B, and was sentenced by the Court to 15 years' imprisonment. *See United States v. Jaber*, No. 13-CR-0485, Dkt. 54 (S.D.N.Y. Feb. 1, 2018), *appeal withdrawn*, No. 18-435 (2d Cir. Mar. 15, 2018). Before the Court is Jaber's *pro se* motion, filed pursuant to 28 U.S.C. § 2255, asking the Court to vacate or set aside his conviction and sentence on grounds that (1) the Court lacked jurisdiction over him because he was improperly extradited; and (2) the guilty plea is invalid due to his incompetency. For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

Court records show that Jaber has filed a previous motion for relief under § 2255 challenging the same judgment of conviction. *See Jaber v. United States*, No. 18-CV-12047 (CM), 2019 WL 2498216 (S.D.N.Y. June 4, 2019). Because Jaber's previous motion under § 2255 was decided on the merits, this application is a second or successive motion. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998).

Before a second or successive § 2255 motion is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A). Jaber must

therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue this application.[1]

## CONCLUSION

In the interest of justice, the Court transfers this motion under § 2255 to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *see also Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) (*per curiam*). This order closes this case in this court. If the Court of Appeals authorizes Jaber to proceed in this matter, he shall move to reopen this case under this civil docket number.

As the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   10/26/2023   Click or tap to enter a date.
         New York, New York

COLLEEN McMAHON
United States District Judge

---

[1] A movant must demonstrate that a motion to the Court of Appeals is based on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court. *See* 28 U.S.C. § 2255(h).